UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN LEE, MOO SEOK LEE, and MI HYUN YOO<br><br>Plaintiff,<br><br>-against-<br><br>HANOK 18, LLC, GEORGE ODZELASHVILI, JOHN JANE DOES 1-10, and XYZ CORP. 1-10,<br><br>Defendants. | Case No.:<br><br>CIVIL ACTION<br><br><br>COMPLAINT |

Plaintiffs, Steven Lee ("Steven"), Moo Seok Lee ("Mooseok") and Mi Hyun Yoo ("Yoo"), by and through their attorneys, Kim, Cho & Lim, LLC, upon her personal knowledge, and upon information and belief as to other matters, aver against Defendants, Hanok 18, LLC ("Hanok"), George Odzelashvili ("George"), John/Jane Does 1-10, and XYZ Corp. 1-10 (collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this lawsuit as a non-exempt employee seeking recovery of unpaid salary, unpaid minimum wage, unpaid overtime premium, and unpaid tip, and liquidated damages therefor, under the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law ("NJWHL") and their supporting rules and regulations.

**PARTIES**

2. Defendant Hanok 18, LLC is a domestic limited liability company organized and existing under the laws of the State of New Jersey.

3. Defendant Hanok operated a restaurant business at its business premise located at 415 Route 18 South, Suite 9, East Brunswick, New Jersey 08816.

4. Defendant Hanok ceased its operation on or about February 10, 2020, and its business premise began undergoing a renovation in preparation for another business operation.

5. Defendant George is the individual listed as the principal of Hanok and upon information and belief, held and still holds, the title of the president, CEO, CFO, treasurer, or other position as the officer and/or is a director or owner of the business.

6. Upon information and belief, Defendant George resides at 294 Washington Avenue, Milltown, New Jersey 08850.

7. Defendants John/Janes Does 1-10 and XYZ Corp. 1-10 are natural and/or legal persons currently unknown to Plaintiffs which may be held liable for the claims asserted herein, whether as an alter ego of the named defendants, as the successor of named Defendants, or otherwise.

8. Plaintiff Steven is an individual residing in the State of New Jersey.

9. Plaintiff Mooseok is an individual residing in the State of New Jersey.

10. Plaintiff Yoo is an individual residing in the State of New Jersey.

11. Plaintiffs were employees, employed by Defendants to work at the business premises of Hanok.

## **JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over Plaintiffs' claims under the FLSA pursuant to 28 U.S.C. §§ 1331 and 1337.

13. This Court has supplemental jurisdiction over Plaintiffs' claims under the NJWHL pursuant to 28 U.S.C. § 1367.

14. The venue is proper in the District Court of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this district.

**DEFENDANTS WERE PLAINTIFFS' EMPLOYERS**

15. During Plaintiffs' employment with Defendants, Defendants had gross annual revenue of $500,000 or greater.

16. During Plaintiffs' employment with Defendants, Defendants were engaged in the commerce of the production of goods for commerce within the meaning of FLSA, 29 U.S.C. § 203(s).

17. Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

18. Defendants were Plaintiffs' employers within the meaning of NJWHL, N.J.S.A. §12:56-2.1.

19. Defendants were joint employers of Plaintiffs during Plaintiffs' employment.

DEFENDANT HANOK 18, LLC

20. Defendant Hanok had the power to hire and fire Plaintiffs during their employment with Defendants.

21. Defendant Hanok had the power to set wages of Plaintiffs during their employment with Defendants.

22. Defendant Hanok had the power to control the work schedules and/or conditions of employment of Plaintiffs during their employment with Defendants.

DEFENDANT GEORGE ODZELASHVILI

23. Defendant George had the power to hire and fire Plaintiffs during their employment with Defendants.

24. Defendant George oversaw the day-to-day operation of the Hanok's business during Plaintiffs' employment with Defendants.

25. Defendant George held the power to set wages of Plaintiffs during their employment with Defendants.

26. Defendant George held the power to set schedules of Plaintiffs during their employment with Defendants.

27. Defendant George controlled the method of payments made to Plaintiffs during their employment with Defendants.

28. Defendant George held the power to sign company checks of the corporate Defendant Hanok during Plaintiffs' employment with Defendants.

29. Defendant George had the power to decide whether to pay wages to Plaintiffs during their employment with Defendants.

30. Defendant George held at least one-half of the ownership interest in Hanok during Plaintiffs' employment with Defendants.

## THE CONDITIONS OF PLAINTIFFS' EMPLOYMENT

*Steven Lee – Unpaid Minimum Wage, Overtime Wage, and Tip*

31. Steven was hired as a waiter at Hanok on May 30, 2019.

32. Steven was terminated from his employment with Defendants on February 9, 2020.

33. Steven was to receive $70 per workday at all relevant times.

34. From May 30, 2019 through November 3, 2019, Steven was scheduled to work from approximately 10:00 AM through 9:30 PM, with a one-hour break, on each workday. Each workday consisted of approximately ten and one-half (10.5) working hours.

35. From May 30, 2019 through November 3, 2019, Steven was scheduled to work six (6) or seven (7) days per week.

36. From May 30, 2019 through November 3, 2019, Steven worked on average sixty-eight (68) hours per week.

37. From November 4, 2019 through February 9, 2020, Steven was scheduled to work from approximately 10:30 AM through 9:30 PM, with a one-hour break, on each workday. Each workday consisted of approximately ten (10) working hours.

38. From November 4, 2019 through February 9, 2020, Steven was scheduled to work on average five (5) days per week.

39. From November 4, 2019 through February 9, 2020, Steven worked on average fifty (50) hours per week.

40. From May 30, 2019 through February 9, 2020, Steven worked in excess of forty (40) hours per week.

41. At all relevant times, Steven's promised (but mostly unpaid) wages were below the applicable minimum wage.

42. During Steven's employment with Defendants, Steven was never noticed by Defendants that any portion of his tip may be deducted from his minimum wage, or that the tips he would receive any be credited towards his minimum wage.

43. At all relevant times, Steven was not paid any overtime premium for the work hours exceeding forty (40) per week.

44. Beginning on July 22, 2019, Defendants began withholding the tips to which Steven was entitled.

45. To date, the total amount of tips withheld is approximately $10,000.

*Steven Lee – Unpaid Compensation for Driving*

46. From May 30, 2019 through February 9, 2020, Steven was required to drive his co-workers to work and was promised compensation therefor, at the rate of $20, $35, or $50, depending on whether Steven drove his or company vehicle; and whether Steven was provided the Defendants' E-ZPass tag.

47. Steven's driving duties took approximately one (1) hour each, before and after the scheduled work hours.

48. Notwithstanding, Defendants failed to compensate Steven for his driving duties, whether in the fixed rate as agreed upon or at an hourly wage rate.

49. To date, the unpaid amount for Steven's driving duties total $3,575.00

*Mooseok Lee – Unpaid Minimum Wage and Tip*

50. Mooseok was hired as a waiter at Hanok on or about June 1, 2019.

51. Mooseok was terminated from his employment with Defendants on February 9, 2020.

52. Mooseok was to receive $50 per workday at all relevant times.

53. From June 1, 2019 through February 9, 2020, Mooseok was scheduled to work from approximately 10:30 AM through 9:30 PM, with a one-hour break, on each workday. Each workday consisted of approximately ten and one-half (10) working hours.

54. From June 1, 2019 through February 9, 2020, Mooseok was scheduled to work two (2) days per week, primarily on the weekends.

55. From June 1, 2019 through February 9, 2020, Mooseok worked on average twenty (20) hours per week.

56. At all relevant times, Mooseok's wages were below the applicable minimum wage.

57. During Mooseok's employment with Defendants, Mooseok was never noticed by Defendants that any portion of his tip may be deducted from his minimum wage, or that the tips he would receive any be credited towards his minimum wage.

58. At all relevant times, Defendants withheld the tips to which Mooseok was entitled.

59. To date, the total amount of tips withheld is approximately $12,000.

*Mi Hyun Yoo– Unpaid Regular Wage and Overtime Wage*

60. Yoo was hired as a kitchen worker in early July 2019.

61. Yoo was terminated from her employment with Defendants on February 9, 2020.

62. From early July 2019 through January 13, 2020, Yoo was required to work eleven (11) hours per day, with a one-hour break, six (6) days per week.

63. From early July 2019 through July 8, 2019, Yoo was to receive $1,500 as her weekly salary.

64. From July 9, 2019 through January 13, 2020, Yoo was to receive a reduced weekly salary of $1,000.

65. From January 14, 2020 through February 9, 2020, Yoo was required to work eleven (11) hours per day, with a one-hour break, five (5) days per week.

66. Yoo understood that her weekly salary would be her compensation for a forty (40) hour weekly work hour.

67. During her employment with Defendant, Yoo never received any overtime compensation for any hours she worked in excess of forty (40) in a given week.

68. Yoo was not paid any compensation for her work performed between July 29, 2019 through November 3, 2019

69. Yoo was not paid any compensation for her work performed between February 2, 2020 through February 9, 2020.

**FIRST CAUSE OF ACTION**
FLSA: UNPAID MINIMUM WAGES

70. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

71. During Plaintiffs' employment with Defendants, Defendants maintained a gross annual revenue of $500,000.

72. During Plaintiffs' employment with Defendants, Defendants were engaged in commerce or the production or sale of goods for commerce, within the meaning of 29 U.S.C. §§ 201, *et seq*.

73. During Plaintiffs' employment with Defendants, Defendants were joint employers of Plaintiffs as defined under 29 U.S.C. §§ 201, *et seq.*

74. Plaintiffs were employees of Defendants as defined under 29 U.S.C. §§ 201, *et seq.*

75. During Plaintiffs' employment with Defendants, Defendants failed to pay Plaintiffs Steven Lee and Mooseok Lee the applicable minimum wage as required under 29. U.S.C. § 206(a).

76. Due to Defendants' failure to provide tip credit notice, as set forth in 29 C.F.R. § 531.59, to Plaintiffs, Defendants are not eligible to take any tip credit towards Plaintiffs' minimum hourly rate.

77. Defendants' failure to pay Plaintiffs the applicable minimum hourly wage was willful within the meaning of 29 U.S.C. § 255(a).

78. As a result of Defendants' failure to pay, Plaintiffs suffered damages in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
NJWHL: UNPAID MINIMUM WAGES

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80. During Plaintiffs' employment with Defendants, Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of, and whether to pay, the compensation in exchange for Plaintiffs' employment with Defendants.

81. During Plaintiffs' employment with Defendants, Defendants were Plaintiffs' joint employers within the meaning of N.J.S.A. § 34:11-4.1, et seq. and N.J.S.A. § 34:11-56a1.

82. Defendants intentionally and willfully failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of N.J.S.A. § 34:11-4.1, et seq. and N.J.S.A. § 34:11-56a1.

83. As a result of Defendants' failure to pay, Plaintiffs suffered damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
FLSA: UNPAID OVERTIME WAGES

84. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

85. During Plaintiffs' employment with Defendants, Defendants maintained a gross annual revenue of $500,000.

86. During Plaintiffs' employment with Defendants, Defendants were engaged in commerce or the production or sale of goods for commerce, within the meaning of 29 U.S.C. §§ 201, *et seq.*

87. During Plaintiffs' employment with Defendants, Defendants were joint employers of Plaintiffs as defined under 29 U.S.C. §§ 201, *et seq.*

88. Plaintiffs were employees of Defendants as defined under 29 U.S.C. §§ 201, *et seq.*

89. During Plaintiffs' employment with Defendants, Defendants failed to pay Plaintiffs the required overtime premium at a rate not less than one and one-half (1 1/2) times the regular rate or the applicable minimum wage as required under 29. U.S.C. § 207(a)(1).

90. Due to Defendants' failure to provide tip credit notice as set forth in 29 C.F.R. § 531.59, Defendants are not eligible to take any tip credit towards Plaintiffs' overtime premium.

91. Defendants' failure to pay Plaintiffs any overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

92. As a result of Defendants' failure to pay, Plaintiffs suffered damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
NJWHL: UNPAID OVERTIME WAGES

93. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

94. During Plaintiffs' employment with Defendants, Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of, and whether to pay, the compensation in exchange for Plaintiffs' employment with Defendants.

95. During Plaintiffs' employment with Defendants, Defendants were Plaintiffs' joint employers within the meaning of N.J.S.A. § 34:11-4.1, et seq. and N.J.S.A. § 34:11-56a1.

96. Defendants intentionally and willfully failed to pay Plaintiffs at any overtime compensation, in violation of N.J.S.A. § 34:11-4.1, et seq. and N.J.S.A. § 34:11-56a1.

97. As a result of Defendants' failure to pay, Plaintiffs suffered damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
FLSA: UNPAID TIPS OR GRATUITIES

98. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

99. During Plaintiffs' employment with Defendants, Defendants maintained a gross annual revenue of $500,000.

100. During Plaintiffs' employment with Defendants, Defendants were engaged in commerce or the production or sale of goods for commerce, within the meaning of 29 U.S.C. §§ 201, *et seq*.

101. During Plaintiffs' employment with Defendants, Defendants were joint employers of Plaintiffs as defined under 29 U.S.C. §§ 201, *et seq.*

102. Plaintiffs were employees of Defendants as defined under 29 U.S.C. §§ 201, *et seq.*

103. During Plaintiffs' employment with Defendants, Defendants failed to pay Plaintiffs the tips and/or gratuities paid by Defendants' patrons, to which Plaintiffs Steven Lee and Mooseok Lee were entitled.

104. As a result of Defendants' failure to pay, Plaintiffs suffered damages in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**
NJWHL: UNPAID TIPS OR GRATUITIES

105. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

106. During Plaintiffs' employment with Defendants, Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of, and whether to pay, the compensation in exchange for Plaintiffs' employment with Defendants.

107. During Plaintiffs' employment with Defendants, Defendants were Plaintiffs' joint employers within the meaning of N.J.S.A. § 34:11-4.1, et seq. and N.J.S.A. § 34:11-56a1.

108. Defendants intentionally and willfully failed to pay Plaintiffs the tips and/or gratuities paid by Defendants' patrons, to which Plaintiffs Steven Lee and Mooseok Lee were entitled.

109. As a result of Defendants' failure to pay, Plaintiffs suffered damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that this Court grant the following relief:

a. Declaration that Defendants' practices complained herein were unlawful practices;

b. Declaration that each and every Defendants are individually, jointly, and severally liable for each of their violations of Fair Labor Standards Act and the New Jersey Wage and Hour Law, and regulations promulgated under these statutes;

c. Declaration that Defendants were disallowed from, or otherwise not entitled to, taking any tip credit towards Plaintiffs' wages;

d. Declaration that Defendants' violations of the Fair Labor Standards Act were willful within the meaning of 29 U.S.C. § 255(a);

e. Declaration that Defendants are liable to Plaintiffs Steven Lee and Mooseok Lee for unpaid minimum wage pursuant to the Fair Labor Standards Act and its supporting regulations;

f. Declaration that Defendants are liable to Plaintiffs Steven Lee and Mooseok Lee for unpaid tips or gratuities pursuant to the Fair Labor Standards Act and its supporting regulations;

g. Declaration that Defendants are liable to Plaintiffs for unpaid overtime premium pursuant to the Fair Labor Standards Act and its supporting regulations;

h. Declaration that Defendants are liable to Plaintiffs Steven Lee and Mooseok Lee for unpaid minimum wage pursuant to the New Jersey Wage and Hour Law and its supporting regulations;

i. Declaration that Defendants are liable to Plaintiffs Steven Lee and Mooseok Lee for unpaid tips or gratuities pursuant to the New Jersey Wage and Hour Law and its supporting regulations;

j. Declaration that Defendants are liable to Plaintiffs for unpaid overtime wage pursuant to the New Jersey Wage and Hour Law and its supporting regulations;

k.  Declaration that Defendants are liable to Plaintiffs and the Class for liquidated damages in an amount equal to one hundred percent (100%) or two hundred percent (200%), as governed by the statutes applicable during specific time periods, of the total underpayment found to be due under the New Jersey Wage and Hour Law and its supporting regulations, including unpaid minimum wages, unpaid overtime wages, and unpaid tips;

l.  Declaration that Plaintiffs are entitled to collect reasonable attorney's fees and costs incurred in this litigation from Defendants;

m.  Declaration that Plaintiffs are entitled to collect prejudgment interest; and

n.  Such other statutory and equitable relief as this Court shall deem just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Dated: Palisades Park, New Jersey  
April 30, 2020

Respectfully submitted,

By: /s/ Seokchan Kwak  
KIM, CHO & LIM, LLC  
Seokchan Kwak, Esq.  
460 Bergen Boulevard, Suite 305  
Palisades Park, NJ 07650  
Tel: (201) 585-7400  
Fax: (201) 585-7422  
seankwak@kcllawfirm.com  
*Attorneys for Plaintiffs*